IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cr-00010-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KAYLUN DAITWAN FULLWOOD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Reconsideration of Order of Pre-Trial Detention (the "Motion for Reconsideration," Doc. 68).

I. Background

On February 8, 2017, a Bill of Indictment was filed charging Kaylun Daitwan Fullwood ("Defendant") with one count of possessing with the intent to distribute cocaine base. Doc. 1.

On December 4, 2017, Defendant pled guilty to that offense. He was subsequently sentenced to 60 months imprisonment (to run consecutively to the judgment imposed for his supervised release violation in Case #1:13CR00006-001) followed by 4 years of supervised release and a $100 special assessment. Doc. 40.

1

On September 17, 2021, a petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. Doc. 43. An amended petition was filed on September 20, 2021. Doc. 44.

After a final revocation hearing in late February 2022, Defendant was sentenced to 6 months imprisonment, to be served consecutively to any undischarged term of imprisonment previously or thereafter imposed by any court, and 36 months of supervised release. He was also required to pay the balance of the special assessment in the amount of $25. Doc. 58.

On October 3, 2023, a second petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. Doc. 61.

Defendant made an initial appearance on October 27, 2023 and counsel was appointed for him.

On October 30, 2023, Defendant waived a preliminary revocation hearing and, following a detention hearing, was ordered detained pending further proceedings. Doc. 66.

Defendant filed the Motion for Reconsideration, along with a supporting memorandum, on November 15, 2023. The Motion for Reconsideration reports that the Government opposes the Motion. However, the Government has not filed any response and the time for doing so has expired.

## II. Discussion

As an initial matter, though Defendant cites 18 U.S.C. § 3145, among other statutes, the undersigned does not read the Motion for Reconsideration as requesting that the presiding District Judge review the undersigned's previous detention order under 18 U.S.C. § 3145(b).

The precise procedural mechanism Defendant requests the undersigned to employ, though, is not clear; while Defendant references the reconsideration of the Court's prior detention order, Defendant does not expressly state whether he is asking the Court to reopen his previous detention hearing pursuant to 18 U.S.C. § 3142(f). See 18 U.S.C. § 3142(f) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.").

Rule 46(d) of the Federal Rules of Criminal Procedure states that a person's release pending a hearing for a violation of supervised release conditions is governed by Rule 32.1(a)(6), which itself provides that a magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) and that it is the person's burden of establishing by clear and

convincing evidence that he or she will not flee or pose a danger to any other person or to the community. Similarly, Section 3143(a)(1) states that, subject to exceptions that are not applicable here, a person who has been found guilty of an offense and who is awaiting the imposition or execution of a sentence must be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under Section 3142(b) or (c).

Against this backdrop, the law appears to be unsettled on the question of whether a detention hearing that has been conducted in a supervised release case may be reopened under 18 U.S.C. § 3142(f). Compare United States v. Scales, No. 1:15CR108-1, 2020 WL 1891311, at *4 (M.D.N.C. Apr. 16, 2020)(where the court assumed that "18 U.S.C. § 3142(f) provides authority for reconsideration of a detention order under Rule 32.1(a)(6) and Paragraph (1) of Subsection 3143(a), when a supervised releasee-defendant, who previously had waived a hearing, subsequently has proposed a release plan…"); United States v. Roberts, No. 3:98-CR-121, 2007 WL 30889, at *2 (E.D. Tenn. Jan. 4, 2007)(finding that 18 U.S.C. § 3142(f) controlled in denying a motion to reopen); and United States v. Benton, No. CR408-368, 2020 WL 5046305, at *1 (S.D. Ga. Aug. 26, 2020)(finding that reevaluation of the defendant's detention could not proceed under of § 3142(f) since only

those provisions of § 3142 that were expressly incorporated into § 3143 applied to defendants pending sentencing).

More generally, some courts have concluded that motions for reconsideration made in criminal cases may be granted in the exercise of discretion. See United States v. Mallory, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018)("When a party in a criminal case moves for reconsideration, it is within the sole discretion of the district court to determine whether it is appropriate to grant the motion.") (citations omitted). Because there is no provision in the Federal Rules of Criminal Procedure that governs a motion for reconsideration, "courts are guided by analogy to the standards established by the civil rules." United States v. Young, 260 F.Supp.3d 530, 555 (E.D. Va. 2017). In that respect, some courts have concluded that "[a] motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through—rightly or wrongly.'" United States v. Dickerson, 971 F.Supp. 1023, 1024 (E.D. Va. Aug. 4, 1997) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, a motion for reconsideration "'can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" United States ex rel. Carter v. Halliburton Co., 866 F.3d

5

199, 210 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)).

In this case, Defendant has not sufficiently explained why some information he now cites, such as details concerning his medical records and his living arrangements, was not known or available to Defendant at the time of his previous detention hearing. Other information, primarily information regarding possible substance abuse treatment, was apparently not available and could be material to the issue of detention.

Under these circumstances, and having closely reviewed the Motion for Reconsideration, along with the order of detention and the information provided in Defendant's previous detention hearing, the undersigned is persuaded—though it is a close call—that it is appropriate, under either standard described above, to revisit the issue of detention.

Accordingly, Defendant's Motion for Reconsideration of Order of Pre-Trial Detention (Doc. 68) is **GRANTED** and the Clerk is respectfully directed to schedule a hearing for that purpose. The parties are advised that they are not expected to repeat the evidence and arguments presented during the previous detention hearing but rather will be given the opportunity to provide any relevant supplemental information as the Court considers whether Defendant should remain in custody or be released under conditions pending further proceedings.

It is so ordered.

Signed: December 5, 2023

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge